UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jerry D. Pough,

Petitioner

v.

Jeremy Bean, et al.,

Respondents

Case No. 2:24-cv-02098-CDS-EJY

**Order Denying Petition for Writ of Mandamus and Other Relief**

[ECF Nos. 1-1, 1-2, 11, 12]

Petitioner Jerry D. Pough, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an application to proceed *in forma pauperis*, a motion for production of all illegally seized property, a petition for writ of mandamus, a motion to be present and heard, and a motion for hearing. ECF Nos. 1, 1-1, 1-2, 11, 12. I now grant the application to proceed *in forma pauperis* and address the petition and other motions.

**I. In forma pauperis application**

Pough's application to proceed *in forma pauperis* is granted. ECF No. 1. Based on the information regarding Pough's financial status, I find that Pough is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Pough will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II. Discussion**

**A. Petition for Writ of Mandamus (ECF No. 1-2)**

Pough's handwriting is difficult to read. Based on what I can discern, Pough's petition for writ of mandamus alleges Pough's various grievances with the NDOC and his issues with past rulings by Judge Miranda Du and Judge James Mahan. *See generally* ECF No. 1-2. Pough asks me to order the NDOC to provide him medical care, return his missing property boxes, and return his money. *Id.* Pough also may be seeking his immediate release. *Id.*

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, the Supreme Court has held that the use of a writ of mandamus is a "drastic" remedy that is only to be invoked in "extraordinary situations." *Kerr v. U. S. Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 402 (1976). Traditionally, a writ of mandamus has been "used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Will v. United States*, 389 U.S. 90, 95 (1967) (internal quotations omitted). Although the courts have "never confined themselves to an arbitrary and technical definition of jurisdiction, it is clear that only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Id.* (listing situations when the writ has been invoked). A writ of mandamus is "the appropriate remedy to enforce the performance of some duty enjoined by law, where there is no other adequate remedy." *Bd. of Comm'rs of Knox Cnty. v. Aspinwall*, 65 U.S. 376, 376 (1860).

I deny Pough's petition for writ of mandamus because it is improper. Pough's petition for writ of mandamus is not seeking to have a court direct a lower court to exercise its duty. Instead, Pough is attempting to use a petition to avoid filing a civil rights action under 42 U.S.C. § 1983. In the past, Pough has attempted to file multiple injunctive relief motions and petitions for writ of mandamus in lieu of a complaint. *See Pough v. Neven*, 3:15-cv-00443-MMD-VPC. In that case, the court explained to Pough that his issues fell into two categories—§ 1983 civil rights and habeas corpus—and explained when each action was appropriate. *See* ECF No. 12 in *Pough v. Neven*, 3:15-cv-00443-MMD-VPC (explaining that, if Pough seeks to challenge his conviction, he may file a habeas corpus petition and, if he seeks to challenge his conditions of confinement, including

seizure of his property, denial of medical treatment, etc., then he must file a civil rights complaint under § 1983).[1]

In this case, I note that the magistrate judge gave Pough two opportunities to file a civil rights complaint, but Pough ignored those instructions. *See* ECF Nos. 3, 10. I now deny the petition and close this case. If Pough wants to pursue the issues raised in his petition in a civil rights action, he may file a new application to proceed *in forma pauperis* and a civil rights complaint in a new case.

**B. Motion for Production of all Illegally Seized Property (ECF No. 1-1)**

Again, Pough's handwriting is difficult to discern but he appears to seek the return of his property boxes and 16 years plus of confiscated items from the NDOC. ECF No. 1-1. I deny this motion. If Pough is challenging the confiscation of his items from prison officials, he must initiate a § 1983 civil rights action.

**C. Motions for Hearings (ECF Nos. 11, 12)**

Pough's motions for a hearing are denied as moot because Pough's petition for writ of mandamus is denied and the case is closed.

## III. Conclusion

I therefore order that Pough's application to proceed *in forma pauperis* **[ECF No. 1]** without having to prepay the full filing fee is **granted**. Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, even though this action is dismissed.

I order that, pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Jerry D. Pough, #1128263** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the

[1] It is unclear to me whether Pough is dissatisfied with Judge Du's and Judge Mahan's previous rulings in his civil rights and habeas cases and is attempting to undermine those decisions by filing a petition for writ of mandamus. If Pough is dissatisfied with those previous rulings, he must appeal those decisions to a higher court.

Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

I order that the Clerk of the Court file the petition for writ of mandamus (ECF No. 1-2).

I order that the petition for writ of mandamus **[ECF No. 1-2] is denied**.

I order that the motion for production of all illegally seized property **[ECF No. 1-1] is denied**.

I order that the motions for a hearing **[ECF Nos. 11, 12] are denied as moot**.

The Clerk of the Court is directed to close the case and enter judgment accordingly.

I order that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

Dated: June 20, 2025

Cristina D. Silva
United States District Judge